UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT DALE KILGORE PEPPERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16 CV 123 |
| | ) |
| OFFICER JOSEPH MITCHELL and | ) |
| ST. JOE COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Plaintiff, *pro se*, sued defendants Officer Joseph Mitchell and the St. Joseph County Jail for their respective roles in the assault that occurred during his unlawful arrest and a subsequent detention. (DE # 1 at 2-3.) Though plaintiff does not state that 42 U.S.C. § 1983 is the legal basis for his claims, the court assumes that it is, since he alleges constitutional violations. Defendants have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6), which requires that the court dismiss a complaint which fails to state a claim upon which relief may be granted. (DE ## 11, 14.)

Defendant Mitchell first points out that the complaint names him as "Officer Joseph Mitchell" but fails to indicate whether Mitchell has been sued in his official or his individual capacity. He argues that the court should assume that plaintiff did not intend any individual capacity suit, and that the official capacity claim fails as a matter of law.

First, the court will not place a *pro se* litigant like plaintiff "in the chokehold of restrictive, overly technical pleading requirements" when it comes to stating a claim for official and individual capacity suits. *Hill v. Shelander,* 924 F.2d 1370, 1373 (7th Cir. 1991) (improper for district court to construe *pro se* complaint against "Sgt. Shelander" as suit against defendant in official capacity only). Accordingly, the court construes the complaint as suing Mitchell in both his individual and official capacities.

However, Mitchell is correct that the official capacity claim against him fails as a matter of law. A complaint against an officer in his official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo,* 502 U.S. 21, 25 (1991). In this case, the entity is presumably the City of South Bend, which employs Mitchell as part of its police force. For the City of South Bend to be liable, it must have employed a policy or custom that resulted in a deprivation of plaintiff's rights. *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691 (1978). However, plaintiff's complaint does not contain any allegations hinting at the existence of a policy or custom that is responsible for his harm, so any official capacity claim against Mitchell must be dismissed. As explained above, an individual capacity against Mitchell still remains.

Defendant St. Joseph County Jail has moved to dismiss plaintiff's claim against it because it is not an entity that may be sued. This premise is correct; typically a jail is not a suable entity under Section 1983. *Smith v. Knox Cty. Jail,* 666 F.3d 1037, 1040 (7th Cir. 2012). However, the Seventh Circuit has stated that a *pro se* plaintiff who makes a

2

"pleading gaffe" in a complaint by suing a jail instead of a proper Section 1983 defendant deserves an opportunity to offer a curative amendment before the complaint is dismissed with prejudice. *Id.* Accordingly, the court will grant the motion of St. Joseph County Jail for dismissal of the claims against it, but the court will permit plaintiff an opportunity to amend his complaint to state a claim against a proper entity.

For the foregoing reasons, defendant Officer Joseph Mitchell's motion to dismiss (DE # 11) is **GRANTED, in part, and DENIED, in part**, and St. Joseph County Jail's motion to dismiss (DE # 14) is **GRANTED**. Plaintiff is permitted until **March 3, 2017,** to file an amended complaint.

**SO ORDERED.**

Date: February 2, 2017

        s/James T. Moody
        JUDGE JAMES T. MOODY
        UNITED STATES DISTRICT COURT